In the Matter of

Elizabeth PHELPS,
*Respondent,*

*and*

Elizabeth Ann NELSON,
*Appellant,*

*and*

Matthew GREEN-HITE,
*Respondent.*

In the Matter of the Marriage of

Elizabeth GREEN-HITE,
nka Elizabeth Nelson,
*Appellant,*

*and*

Matthew GREEN-HITE,
*Respondent.*

(89-7-349, 91-8-68; CA A74311)

857 P2d 900

Gerri Sue Lent, Milwaukie, argued the cause and filed the brief for appellant.

Margaret Olney, Portland, argued the cause for respondent Matthew Green-Hite. With her on the brief was Bennett & Hartman, Portland.

Brad Benziger, Portland, argued the cause and filed the brief for respondent Elizabeth Phelps.

Before Deits, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Elizabeth Ann Nelson, mother, appeals from a judgment finding her in contempt and awarding grandmother, Elizabeth Phelps, visitation rights. We reverse and remand.

Mother and Matthew Green-Hite, father, are the parents of one minor child. When their marriage was dissolved, they were awarded joint custody of the child. Grandmother visited the child about once a month and had frequent and regular telephone contact. Seven months after the dissolution, father initiated contempt proceedings against mother for her alleged interference with his visitation. The court found mother in contempt, sentenced her to 30 days in jail, but suspended execution of the sentence on mother's assurances that no further interference with father's visitation rights would occur.

Approximately one year later, father again initiated contempt proceedings, alleging that mother continued to interfere with visitation. At the same time, grandmother complained that mother no longer allowed her to see the child, and grandmother petitioned for visitation rights. Both matters were consolidated and assigned to the same trial judge who had issued the initial contempt order. Before the hearing, mother moved to disqualify the trial judge. The trial judge denied the motion, on the basis that her affidavit had not been timely filed, because he had already heard the initial contempt proceeding, and on the additional basis that he did not believe that there was any substantive foundation for mother's allegation that she could not receive a fair hearing before him. At the conclusion of the hearing, the court found mother in contempt, executed the prior sentence and awarded grandmother visitation rights.

Mother's first assignment of error is that the trial judge should have granted her motion to disqualify. She argues that he was incorrect in finding the motion untimely and in ruling on the substantive validity of her motion himself. We agree with both arguments.

ORS 14.250 prescribes the general rule that allows a party or an attorney to attempt to disqualify a trial judge:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established * * * that

> any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."

If a party or attorney who believes that it is not possible to obtain a fair and impartial hearing before a particular judge files a motion to disqualify that judge, supported by an appropriate affidavit, the motion "shall be allowed," unless the judge challenges the affiant's good faith. ORS 14.260(1). In that case, a hearing "shall be held before a disinterested judge," and the judge challenging the motion to disqualify bears the burden of proving that the motion is being made in bad faith or for purposes of delay. ORS 14.260(1); *see generally State ex rel Kafoury v. Jones*, 315 Or 201, 208, 843 P2d 932 (1992).

ORS 14.260 prescribes certain timing requirements for the filing of a motion to disqualify. One of those is:

> "No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding." ORS 14.260(3).

However, Oregon's contempt statute expressly provides that that particular requirement does not apply in contempt proceedings:

> "A judge may be disqualified from a contempt proceeding as provided for in other cases under ORS 14.210 to 14.270 and 46.141. ORS 14.260(3) shall not apply to a motion to disqualify a judge in a contempt proceeding. The judge to whom the contempt is referred shall assume authority over and conduct any further proceedings relating to the contempt." ORS 33.115.

Mother's motion to disqualify, therefore, was not rendered untimely merely because the judge already had made rulings in her initial contempt proceeding. Her motion should have been allowed, absent a ruling from a disinterested judge that mother's motion had been brought in bad faith or for the purpose of delay. ORS 14.260(1).

■ Father and grandmother contend that ORS 33.115 dictates a contrary result. They argue that the statute provides that, once a judge hears any portion of a contempt matter, he or she must hear all of that contempt matter. They

rely on the last sentence of the section, which states that "[t]he judge to whom the contempt is referred shall assume authority over and conduct any further proceedings relating to the contempt." According to father and grandmother, "[t]he judge to whom the contempt is referred" is the judge to whom the contempt proceeding initially was assigned. Therefore, that judge "shall assume" authority over all subsequent proceedings in that contempt matter. Their proposed construction, however, leaves the balance of ORS 33.115 entirely without meaning. Whenever possible, we avoid construing statutes in a manner that renders one or more of their provisions meaningless. *Burt v. Blumenauer*, 87 Or App 263, 265, 742 P2d 626, *rev den* 304 Or 405 (1987). We read statutes as a whole, giving effect to all of their provisions. ORS 174.010; *Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979). When ORS 33.115 is read as a whole, it becomes clear that the judge to whom the contempt "is referred" is not the judge to whom the case initially was assigned, but the judge to whom the contempt matter is assigned on the basis of the disqualification of the initial judge. It is the latter judge who "shall assume authority over and conduct any further proceedings relating to the contempt." ORS 33.115.

Because we hold that the trial court erred in denying mother's motion to disqualify, we need not address her remaining assignments of error.

Judgments of contempt and establishing visitation vacated; remanded for reconsideration of motion to disqualify; if motion is allowed, trial court shall hold hearing on contempt and visitation; if motion is denied, judgments shall be reinstated.