In the Matter of the Compensation of
Rodrick L. Cotner, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and F.D. Thomas, Inc.,
*Petitioners,*

*v.*

Rodrick L. COTNER,
*Respondent.*

(94-13000, 95-02202; CA A90730)

939 P2d 62

Darren W. Lee argued the cause and filed the brief for petitioners.

Robert Wollheim argued the cause for respondent. With him on the brief were Welch, Bruun, Green & Wollheim, Christopher D. Moore and Malagon, Moore, et al.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of an order of the Workers' Compensation Board (Board) awarding claimant temporary disability benefits, arguing that the Board lacked authority to order the payment of benefits beyond the date that claimant became medically stationary. The Board held that, under ORS 656.313(1)(a)(A), employer is obligated to continue paying temporary disability benefits until the date of closure. We hold that ORS 656.313(1)(a)(A) requires employers to pay only temporary disability benefits "that accrue from the date of the order appealed" and does not itself create entitlement to such benefits. Because at the time of the order appealed claimant already had become medically stationary, no benefits were accruing at that point, and employer was not obligated to pay those benefits pending the appeal. Accordingly, we reverse and remand for reconsideration.

The parties stipulated to the facts, of which the following are relevant to our review. On October 23, 1992, claimant filed a claim for injuries to his lower back. Employer denied the claim, and claimant timely requested a hearing. Claimant meanwhile underwent back surgery and, on December 1, 1993, his attending physician declared him medically stationary and released him for modified work. On August 23, 1994, the administrative law judge (ALJ) issued an opinion and order setting aside employer's denial. Employer requested Board review. While review was pending, however, employer paid no temporary disability benefits. Claimant requested a hearing, seeking payment of those benefits. Meanwhile, on January 10, 1995, employer issued a notice of closure, awarding claimant temporary disability benefits through December 1, 1993, claimant's medically stationary date. Employer did not pay temporary disability benefits beyond December 1, 1993. On April 12, 1995, the Board affirmed the ALJ's order setting aside insurer's denial, and that order was not appealed. On June 9, 1995, the ALJ ordered employer to pay temporary disability benefits from the appeal of the ALJ's August 23, 1994, order through January 10, 1995. The Board adopted and affirmed the ALJ's order. It is that order that employer challenges on review.

■ Employer argues that, under ORS 656.313(1)(a)(A), the exception to the stay of payment of benefits pending an appeal of an ALJ's order applies only to benefits "that accrue from the date of the order appealed from." According to employer, under ORS 656.268, a claimant is entitled to temporary disability payments only until he or she becomes medically stationary. Because at the time of the ALJ's August 23, 1994, order in this case claimant already had become medically stationary, employer concludes, no temporary disability benefits accrued from that date, and none were due claimant. Claimant argues, and the Board concluded, that, regardless of whether claimant already had become medically stationary at the time of the issuance of the ALJ's order, ORS 656.313(1)(a)(A) *itself* creates an obligation to pay temporary disability benefits following the request for review of the ALJ's order.

■ ORS 656.313(1) provides for a stay of the payment of benefits in the event of a request for, among other things, Board review of an ALJ's order awarding compensation. ORS 656.313(1)(a)(A) then provides an exception to that general rule that applies to:

> "[t]emporary disability benefits *that accrue from the date of the order appealed from* until closure * * *, or until the order appealed from is itself reversed, whichever event first occurs."

By its terms, the statute does not create entitlement to benefits while review is pending. Instead, it requires the continued payment of benefits "that accrue from the date of the order appealed from," that is, benefits to which the claimant otherwise is entitled. Indeed, if, as claimant and the Board conclude, the statute itself creates entitlement to temporary disability benefits, then the qualifying language "that accrue from the date of the order appealed from" serves no purpose. In the absence of persuasive evidence to the contrary, we do not so easily conclude that the legislature intended its enacted language to have no meaning. *See Phelps and Nelson*, 122 Or App 410, 415, 857 P2d 900 (1993), *rev den* 318 Or 326 (1994) ("Whenever possible, we avoid construing statutes in a manner that renders one or more of their provisions meaningless.").

Claimant insists that, under our decision in *Anodizing, Inc. v. Heath*, 129 Or App 352, 879 P2d 218 (1994), we must construe the statute to have created a right to continued payment of temporary disability benefits. We disagree. In *Anodizing*, unlike this case, at the time of the order of which the employer sought review, the claimant was not medically stationary. In fact, in *Anodizing*, unlike this case, the claimant was "statutorily entitled to payment of temporary [disability] benefits" precisely because it had not yet been determined conclusively when claimant had become medically stationary. *Id.* at 356-57.

Nor is our decision in *Foster-Wheeler Const. v. Parker*, 148 Or App 6, 939 P2d 52 (1997), to the contrary. In that case, at the time of the ALJ's order that was the subject of the employer's request for review, the claimant *was* statutorily entitled to payment of temporary disability benefits. Therefore, he was entitled, under ORS 656.313(1)(a)(A), to continued payment of those benefits while review was pending.

In this case, at the time of the ALJ's order, claimant already had become medically stationary and had been released to modified work, and no temporary disability benefits were accruing. Accordingly, because ORS 656.313-(1)(a)(A) itself does not create entitlement to such benefits, the Board lacked authority to order employer to pay them while review was pending.

Reversed and remanded for reconsideration.