Argued and submitted June 3, alternative writ of mandamus is dismissed
August 14, 2008

STATE OF OREGON,
*Plaintiff-Adverse Party,*

*v.*

OSCAR F. PENA,
*Defendant-Relator,*

*and*

Presiding Judge
Jean Kerr MAURER,
*Intervenor.*

(CC 071035138; SC S055655)

191 P3d 659

Paul L. Smith, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-adverse party.

Laura Graser, Portland, argued the cause and filed the briefs for defendant-relator.

Roy Pulvers, of Hinshaw & Culbertson LLP, Portland, filed the brief for intervenor Presiding Judge Jean Kerr Maurer.

GILLETTE, J.

**GILLETTE, J.**

This is an original mandamus proceeding in which the defendant in an aggravated murder case seeks to compel the presiding judge of the Multnomah County Circuit Court to disqualify the judge assigned to hear his case in the underlying criminal action. For the reasons that follow, we dismiss the writ.

The following undisputed facts are pertinent to our decision. On October 29, 2007, defendant was indicted on multiple charges, including a charge of aggravated murder, in the death of Ricardo Martinez. Defendant was arraigned, and defense lawyers Falls and Berger were assigned to represent him. On November 1, 2007, the case was assigned to Judge Fuchs. On December 6, 2007, the October 29 indictment was dismissed, and defendant was charged in a separate indictment by the same grand jury with the aggravated murder of Martinez and, among other things, an additional unrelated charge of the intentional murder of Michael Mason. Court staff and the prosecutor notified Falls and Berger of the reindictment. Defendant was arraigned on that indictment, with counsel present, on December 7, 2007.

On December 14, 2007, defendant appeared before Fuchs at a bail hearing, at which defendant asserted that the prosecution had not provided him with meaningful discovery. During that hearing, defendant moved to exclude a witness. Fuchs denied that motion, but ruled that defendant's counsel would be given additional time to review various discovery items before cross-examining certain of the state's witnesses. Defendant made an additional motion to exclude another witness's testimony, which Fuchs denied. However, Fuchs agreed to continue the bail hearing until a date in January to allow defense counsel additional time to review the discovery material.

On December 28, 2007, the December 6 indictment was itself dismissed and defendant was indicted for a third time by the same grand jury. The December 28, 2007, indictment changed the murder count involving the victim Mason to a charge of aggravated murder; it also added one count of first-degree robbery. Defendant was arraigned on that December 28 indictment on December 31, 2007. Neither

Falls nor Berger had been given a sufficiently timely notice of the December 28 indictment or of the arraignment on that indictment to permit one of them to attend the arraignment, and neither was present. Defendant was, however, temporarily represented by the on-duty public defender, who was present in the courtroom at that time. At the arraignment, the judge notified defendant that the case remained assigned to Fuchs and the court "re-appointed" Berger as defendant's counsel.

On January 3, 2008, Berger and Falls received paperwork concerning the December 28 indictment and the arraignment, which included the information about the assignment of the case to Fuchs. That day, defendant filed a motion to remove Fuchs. In defense counsel's affidavit in support of that motion, counsel asserted that the district attorney's office had committed numerous discovery violations in the case and that Fuchs's apparent unwillingness to sanction the prosecution for those violations at the bail hearing caused counsel to feel that defendant could not receive a fair trial before her. Counsel added that that feeling was compounded by the fact that neither the court nor the prosecution had provided adequate notice to either Falls or Berger of the December 28 indictment or the arraignment, despite the court's and the prosecution's actual knowledge that Falls and Berger represented defendant.

On January 14, 2008, Presiding Judge Maurer held a hearing on defendant's motion to recuse Fuchs. Maurer denied the motion, stating,

"I wouldn't be inclined to allow the recusal if you've appeared in front of [Fuchs], notwithstanding the fact that there are apparently additional charges and/or that there were additional dismissals and reindictments. The rules simply would not allow for an attorney having perhaps some rulings that the attorney was not happy with to then jump ship.

"The issue that you raise is an interesting one which is once a case has been dismissed and had been indicted again or reindicted whether that changes the rules. That's why I asked if you'd made an appearance. * * * But since you have made an appearance and she has taken testimony, presently I am going to deny your request."

Defendant then commenced this mandamus proceeding, alleging that the presiding judge was legally obligated to grant defendant's motion to recuse Fuchs. This court issued an alternative writ, the presiding judge declined to change her ruling, and the case is now before us for decision.

Before discussing the parties' arguments, it is helpful to set out the pertinent statutes. ORS 14.250 provides:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge. In such case the presiding judge for the judicial district shall forthwith transfer the cause, matter or proceeding to another judge of the court * * *."

ORS 14.260 provides:

"(1)  Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and sets forth the basis of such challenge. In the event of such challenge, a hearing shall be held before a disinterested judge. The burden of proof shall be on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay.

"* * * * *

"(3)  No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding. * * *

"(4)  In judicial districts having a population of 100,000 or more, the affidavit and motion for change of judge shall be made at the time and in the manner prescribed in ORS 14.270.

"(5)  No party or attorney shall be permitted to make more than two applications in any cause, matter or proceeding under this section."

Defendant was indicted in this case in Multnomah County, a judicial district having a population of more than 100,000. Therefore, under ORS 14.260(4), defendant's motion for change of judge was required to be made "at the time and in the manner prescribed in ORS 14.270." That statute provides:

"An affidavit and motion for change of judge to hear the motions and demurrers or to try the case shall be made *at the time of the assignment of the case to a judge for trial* or for hearing upon a motion or demurrer. *Oral notice of the intention to file the motion and affidavit shall be sufficient compliance with this section providing that the motion and affidavit are filed not later than the close of the next judicial day.* No motion to disqualify a judge to whom a case has been assigned for trial shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding; except that when a presiding judge assigns to the presiding judge any cause, matter or proceeding in which the presiding judge has previously ruled upon any such petition, motion or demurrer, any party or attorney appearing in the cause, matter or proceeding may move to disqualify the judge after assignment of the case and prior to any ruling on any such petition, motion or demurrer heard after such assignment. No party or attorney shall be permitted to make more than two applications in any action or proceeding under this section."

(Emphases added.)

■■    The provisions of ORS 14.250 to 14.270 are an exercise of legislative grace. Under them, it is not necessary for a party to show that some source of law (such as the state or federal constitution) requires removal of the judge. *Cf. In re Murchison*, 349 US 133, 75 S Ct 623, 625, 99 L Ed 942 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). Rather, those statutes give to a party or the party's lawyer the right to remove a judge merely because the party or the lawyer *believes* that the judge cannot provide a fair and impartial trial, regardless of the judge's actual fairness or impartiality. *See State ex rel Kafoury v. Jones*, 315 Or 201,

207, 843 P2d 932 (1992) (so stating). That is, the "primary issue [in deciding whether to grant a motion to remove a judge] is *the belief of the moving party*, not the objective truth of that belief." *Id.* at 205 (emphasis in original).

In this case, no one argues that defendant's motion was not made in good faith or was made for purposes of delay. Rather, as noted above, the presiding judge denied defendant's motion on the ground that Fuchs had taken testimony and made rulings at the bail hearing on the December 6 indictment, and that, because she had done so, defendant's motion for her recusal came too late.

Defendant argues that, under the plain words of ORS 14.270, motions for change of judge are to be made "at the time of the assignment of the case," and that those words mean that, each time an assignment is made, there is a "new" case and the parties have a new opportunity to remove the judge. In this case, defendant was indicted three times on similar, but not identical, charges. Each time that defendant was indicted, an arrest warrant was issued, he was arraigned, and a judge was assigned to preside over the trial. According to defendant, defendant had a separate opportunity under the statute to remove the judge each time defendant was indicted and a judge assigned for trial.

Defendant also takes issue with the presiding judge's conclusion that removal was not permissible because Fuchs had taken testimony and made rulings at the bail hearing. Defendant argues that Fuchs had not made "substantive" rulings; instead, defendant asserts, the rulings that she made "were so obvious as to be almost ministerial," and did not preclude a subsequent recusal motion.

The state responds that, when a charging instrument contains allegations arising out of the same acts or transactions as were alleged in the prior charging instrument, the subsequent instrument cannot be said to create a new "case" for purposes of ORS 14.270. It follows that defendant's only opportunity to move to recuse Fuchs was when she first was assigned to the case in November 2007. The state also argues that Fuchs did make substantive rulings at the bail hearing, which, under ORS 14.270, also would bar defendant's motion to remove her.

Finally, the state argues that, even if defendant were correct that each successive indictment created a new case for purposes of recusal motions under ORS 14.250 to 14.270, which then reset the time period for seeking removal of the judge assigned to the case, defendant's January 3, 2008, motion was untimely because he did not follow the procedures in ORS 14.270 for such motions. The state points out that defendant learned in open court on Monday, December 31, 2007, of the assignment of Fuchs as the trial judge in his case. Defendant did not object to that assignment and neither he nor the public defender provided oral notice to the court that day of their intent to move to disqualify Fuchs. Moreover, defendant did not file a written motion to disqualify Fuchs by "the close of the next judicial day," as required by ORS 14.270. Tuesday, January 1, 2008, was a court holiday; the next judicial day was Wednesday, January 2, 2008. Defendant did not file his motion to remove Fuchs until Thursday, January 3, 2008. According to the state, that was untimely.[1]

As we will explain, we agree with the state that defendant's motion to remove Fuchs was untimely, even if the December 28 indictment resulted in the creation of a new case for purposes of ORS 14.250 to 14.270. We therefore assume, for purposes of this opinion, that defendant is correct that the statute provided him a new opportunity to move for removal of a judge each time defendant was reindicted and Fuchs was assigned to the case.

As noted above, ORS 14.270 provides that an affidavit and motion for a change of judge "shall be made at the time of the assignment of the case to a judge for trial * * *." That statute further provides that oral notice of an intent to

---

[1] The state argues that mandamus is not an appropriate remedy, because defendant has a direct appeal remedy if he is ultimately prejudiced by having Fuchs preside over his trial. We think that argument is unresponsive, however. As discussed in the text above, under ORS 14.250 to 14.270, a party or the party's lawyer is entitled to have an assigned judge removed before trial if he or she merely has a good faith *belief* that the assigned judge may not provide a fair trial. Those statutes do not require a party to suffer actual prejudice as a prerequisite to removal of a judge. And, because there is no direct appeal remedy after a verdict to address a defendant's mere *perception* of unfairness, in the absence of proof of actual prejudice, mandamus is an appropriate remedy to correct an erroneous denial of a motion to remove a judge before trial.

remove a judge at that time is sufficient, as long as an affidavit and motion are filed by the end of the next judicial day. *Id.* In this case, it is undisputed that the judge presiding over the arraignment on December 31, 2007, announced in court at that time that Fuchs would be the trial judge. It further is undisputed that defendant neither provided oral notice of his intent to ask for removal of Fuchs at that time, nor filed an affidavit and motion to remove the judge by the end of the next judicial day, January 2, 2008. Under the plain terms of ORS 14.270, those actions were required, and defendant's January 3, 2008, motion was untimely.

■      Defendant argues to the contrary, suggesting that a judge is "assigned" to a case, for purposes of ORS 14.270, when counsel learns of the assignment. In support of that proposition, defendant relies on a statement in a Court of Appeals decision, *Allee v. Morrow*, 175 Or App 308, 317, 28 P3d 651 (2001), *rev den*, 334 Or 121 (2002), that a judge is "assigned" for purposes of ORS 14.270 "when counsel is apprised of an assignment by the court, either in open court or through direct communication from the court." Therefore, according to defendant, because his lawyers, Falls and Berger, were not present at the arraignment, Fuchs was not "assigned" to his case until Falls and Berger received written notice of the assignment on January 3, 2008. And, defendant concludes, because counsel filed an affidavit and motion to remove Fuchs that same day, his motion was timely.

We observe at the outset that ORS 14.270 does not define when a case has been "assigned" to a judge under that statute.[2] However, the permissibility of giving oral notice of

---

[2] The presiding judge has intervened in this case and asserts that the fact that defendant's case was assigned to Fuchs on December 31, 2007, was posted on the court's computerized docket system, OJIN, that day, and that that information contemporaneously was available to the public. She contends that that OJIN entry should be treated as triggering the notice and filing requirements for removal of judges under ORS 14.250 to 14.270 and under Multnomah County Circuit Court's local rule on the matter, SLR 7.045(3), which provides:

"If a judge is assigned [as was true in this case], a motion to disqualify that judge, with an order and supporting affidavit, must be presented to the Presiding Judge at ex parte by the close of the judicial day following notice of the assignment."

In light of our conclusion that defendant was orally notified of the assignment of Fuchs at his arraignment on December 31, we need not decide whether publication

intent to remove a judge "at the time of the assignment" suggests that, for purposes of ORS 14.270, at least one way that an assignment of a judge occurs is when the identity of the judge is announced in open court. However, nothing in ORS 14.250, ORS 14.260, or ORS 14.270 indicates that only an announcement of the identity of the assigned judge in open court to a party or the party's lawyer would constitute an "assignment" for purposes of triggering the timelines in ORS 14.270.

Rather, a fair reading of the statutes indicates the opposite. Under ORS 14.250, no judge shall sit to try any case when it has been established that "any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge." ORS 14.260 provides that "any party to or any attorney appearing in" any case may establish that belief by motion and affidavit. In addition, ORS 14.270, which sets out the timeline for motions for removal of judges, is worded in the passive voice ("[a]n affidavit and motion for change of judge * * * shall be made at the time of the assignment"); it does not state that only the lawyer may make such motions. Finally, the statutes apply in civil cases as well as in criminal cases. As this court stated in *State ex rel Oliver v. Crookham*, 302 Or 533, 539, 731 P2d 1018 (1987):

> "The legislative policy stated in ORS 14.260 is to relieve a party or attorney from having to proceed before a judge when the party or attorney in good faith 'believes' that either cannot have a fair or impartial hearing before that judge. Proof that the belief is correct is not required; it is enough that the attorney or party in good faith believes it."

That is, in ORS 14.250 to 14.270, the legislature has provided *parties and lawyers* an opportunity, one that is not constitutionally or otherwise required, to remove a judge for personal, but not necessarily legal, reasons. We think it follows that it does not matter whether a party's lawyer was present at the time of the assignment, or even if a party was represented by counsel. In either case, the motion to remove a judge, or at least oral notice of intent to file such a motion,

---

of the assignment on the court's OJIN docket also triggered the timelines for recusal motions under ORS 14.250 to 14.270.

"shall be made at the time of the assignment." No such notice or motion was timely made in this case.

Based on the foregoing, we think that it is clear from the text of ORS 14.260 and ORS 14.270 that it is immaterial for the purposes of those statutes whether defendant was represented by his preferred lawyers (or any lawyer) at the time when, after his December 28, 2007, indictment, he learned of the assignment of this case to Fuchs. When the identity of the judge assigned to his case was announced in court at his arraignment on December 31, 2007, the statute required that defendant speak up immediately, or at least file an affidavit and motion to remove Fuchs by the close of the next judicial day, which was January 2, 2008. Defendant did neither, and the subsequent motion filed by counsel on his behalf was untimely.[3]

The alternative writ of mandamus is dismissed.

---

[3] We are aware that our reading of the statute as making individual parties, whose legal counsel is absent (or nonexistent), responsible for giving a statutory notice or suffering the loss of an important statutory right seems harsh. However, the words of the statute compel that reading. It may be that the legislature assumed that counsel would be present at the pivotal moment, but the words of the statute do not contain that assumption explicitly, and do not require that counsel be present. Although it is not required to do so, the legislature may wish to consider whether it would be appropriate to bifurcate the statute's requirements, depending on whether the underlying proceeding is civil or criminal.