No. 538 July 31, 2024 183

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK JAMES FARMER,
*Defendant-Appellant.*

Marion County Circuit Court
21CR18605, 20CR52851; A177790 (Control), A177788

Sean E. Armstrong, Judge.

Argued and submitted June 17, 2024.

Nora Coon, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Mark J. Farmer filed the supplemental opening brief *pro se*.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

In Case No. 21CR18605, convictions on Counts 3 and 4 reversed; remanded for resentencing; otherwise affirmed. In Case No. 20CR52851, affirmed.

**PER CURIAM**

In this consolidated appeal, defendant was convicted of two counts of violating a stalking protective order, ORS 163.750 (Counts 1 and 2), and two counts of stalking, ORS 163.732 (Counts 3 and 4), in Case No. 21CR18605, and his probation was revoked in Case No. 20CR52851. Defendant raises five counseled assignments of error and eight *pro se* assignments of error. For the reasons stated below, we reverse defendant's convictions on Counts 3 and 4 and otherwise affirm the judgment in Case No. 21CR18605. Defendant has not assigned error to any rulings in Case No. 20CR52851, and we affirm that judgment without discussion.

*Convictions for Stalking.* In his first and second assignments of error, defendant argues that the trial court erred by not granting him a judgment of acquittal on Counts 3 and 4. Those counts charged defendant with stalking on April 12, 2021, and April 15, 2021. Defendant represented himself at trial, and, at the close of the state's case, the court moved for a judgment of acquittal on defendant's behalf— then denied its own motion. Given that fact and the content of defendant's closing argument, defendant argues that his claim of error was adequately preserved for appeal, and the state agrees. We are persuaded that the error is preserved and review the error as preserved.[1]

Our task in reviewing the denial of a motion for judgment of acquittal is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). In this case, the state concedes that the evidence was legally insufficient to prove that defendant

---

[1] We note that this case is distinguishable from *State v. Taylor*, 323 Or App 422, 427, 523 P3d 696 (2022), in which the trial court made (and denied) a motion for a judgment of acquittal on behalf of a self-represented defendant, and we concluded that the claim of error raised on appeal was not preserved. Unlike in *Taylor*, in this case, defendant's claim of error on appeal is sufficiently aligned with the motion that the court made on his behalf that the purposes of preservation were adequately served.

committed the crime of stalking on April 12, 2021, and April 15, 2021. Having reviewed the evidentiary record, we agree and accept the concession. We therefore reverse defendant's convictions on Counts 3 and 4.

*Convictions for Violating a Stalking Protective Order (SPO).* In his third and fourth assignments of error, defendant argues that the trial court erred by not granting him a judgment of acquittal on Counts 1 and 2. Those counts charged defendant with violating an SPO on April 12, 2021, and April 15, 2021. We agree with the parties that the claim of error is adequately preserved, for the same reasons as with Counts 3 and 4. As for the merits, having reviewed the record, we conclude as to each count that the evidence, viewed in the light most favorable to the state, would permit a rational trier of fact to find defendant guilty of the crime of violating an SPO. We therefore affirm defendant's convictions on Counts 1 and 2.

*Motion to Disqualify.* In his fifth assignment of error, defendant challenges the denial of what he describes on appeal as his "motion to disqualify Judge Armstrong." We understand defendant's argument to be directed to the motion filed on June 23, 2021.[2] We review the denial of defendant's motion for legal error. *State v. Langley*, 363 Or 482, 498, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019), *cert den*, ___ US ___, 141 S Ct 138, 207 L Ed 2d 1081 (2020).

Under ORS 14.250 to 14.270, a party may seek disqualification of the judge assigned to their case by filing a motion along with a supporting affidavit attesting to their belief that they "cannot have a fair and impartial trial or hearing before the judge, and that [the motion] is made in good faith and not for the purpose of delay." ORS 14.260(1). That process—commonly called affidaviting a judge—is "an

_____

[2] In September 2021, defendant filed a motion to disqualify Judge Armstrong for cause, attaching two affidavits, one of which may have been intended as an ORS 14.260 affidavit, even though it was filed with a motion to disqualify for cause. Defendant appears to recognize that any September attempt to affidavit Judge Armstrong under ORS 14.260 was untimely under ORS 14.270, because he mentions the September motion but directs his arguments to the June motion—which, even if otherwise flawed, was timely under ORS 14.270. We therefore limit our discussion to the June motion and ruling.

exercise of legislative grace." *State v. Pena*, 345 Or 198, 203, 191 P3d 659 (2008). The "specific grounds for the belief" need not be alleged. ORS 14.260(1). Disqualification is automatic, unless the subject judge challenges the affiant's good faith, in which case a hearing must be held before a disinterested judge. *Id*. In any single case, a party "may not make more than two applications" to disqualify the assigned judge. ORS 14.260(6).

Here, defendant asserted a "bench wide conflict" and sought to disqualify every trial and appellate judge in the State of Oregon (including three vacant seats). We agree with the state that such a motion is not permitted under ORS 14.250 to 14.270. In short, the legislature created a process by which a litigant may affidavit an individual judge without cause—and may do so no more than twice in a single case. The statutory scheme does not allow a litigant to affidavit every judge in the county (at least in counties with three or more judges), let alone every judge in the state, without cause. Moreover, although Judge Armstrong happened to be appointed to defendant's case on the same date that defendant filed his motion, it is readily apparent from the title and content of the motion, as well as from defendant's statements in court, that it is not a motion to disqualify Judge Armstrong specifically. It can only be understood as what it is—a motion to disqualify 192 named judges and three judges to be appointed in the future to identified vacant positions. Such a motion is not permitted under ORS 14.250 to 14.270, and the trial court did not err in denying it.

Pro Se *Supplemental Assignments of Error.* Defendant raises eight *pro se* supplemental assignments of error additional to those raised by his counsel.[3] Defendant asserts that the trial court mishandled his arraignment and initial appearance, violated his speedy trial rights, violated his Fifth and Sixth Amendment rights, violated the Health Insurance Portability and Accountability Act (HIPAA) and medical malpractice laws, mishandled his bail hearing,

---

[3] Defendant's *pro se* assignments of error are numbered first to ninth, but there is no sixth assignment of error, so there are a total of eight *pro se* assignments of error.

and violated his Second Amendment rights (first, second, third, fourth, fifth, and ninth questions); that the Oregon State Hospital violated a transport law and thus acted in contempt of court (seventh question); and that the Marion County Jail violated defendant's *Brady* rights and thus acted in contempt of court (eighth question). Based on the briefing provided by defendant, we are unpersuaded that the trial court committed any error that would allow reversal of his remaining convictions.

In Case No. 21CR18605, convictions on Counts 3 and 4 reversed; remanded for resentencing; otherwise affirmed. In Case No. 20CR52851, affirmed.