Argued and submitted April 28, affirmed July 28, 1993

STATE OF OREGON,
*Respondent,*

*v.*

VICTORIA LEANNE DUNBRASKY,
*Appellant.*

(91-5147; CA A75370)

856 P2d 1054

Hari Nam S. Khalsa, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John Payne, Certified Law Student, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals her conviction for driving under the influence of intoxicants (DUII). ORS 813.010. She assigns error to the denial of her pretrial motion for diversion. ORS 813.200. We affirm.

■ In 1988, defendant was convicted of possession of methamphetamine, a Class C felony punishable by up to five years in prison. ORS 161.605(3). Imposition of her sentence was suspended and she was placed on probation. As a condition of her probation, defendant was ordered to undergo treatment for drug and alcohol abuse. In 1991, she was arrested for DUII. The trial court denied her pretrial motion for diversion on the ground that her prior participation in drug and alcohol treatment programs disqualified her.

Under ORS 813.215(2), a person convicted of DUII defendant is eligible for diversion if

"[t]he defendant was not participating in a driving while under the influence of intoxicants diversion program *or in any similar drug or alcohol rehabilitation program* in this state or in any other jurisdiction on the date of commission of the present offense and within 10 years before the date of commission of the present offense the defendant has not participated in any such program." (Emphasis supplied.)

Defendant argues that her court-ordered participation in drug and alcohol treatment following her conviction for possession of methamphetamine is not a "similar" rehabilitation program for purposes of ORS 813.215(2). She contends that, in *State v. Underwood*, 91 Or App 668, 756 P2d 72, *rev den* 306 Or 661 (1988), we limited "similar drug or alcohol treatment programs" to those related to DUII arrests.

We did not. In *Underwood*, the defendant had participated in a DUII diversion within 10 years of his second offense. Therefore, it was unnecessary to consider whether he had participated in a "similar drug or alcohol rehabilitation program." It is necessary to consider the meaning of the provision here.

■ In any case, a court may impose a milder sanction in exchange for the defendant's agreement to address an underlying alcohol or drug problem. Because the first program addressed a substance abuse problem and was accepted by

defendant in exchange for a milder sanction, it was sufficiently similar to the diversion to disqualify her from diversion in this case.

Affirmed.