Argued and submitted November 30, affirmed December 29, 2004, petition for review denied May 24, 2005 (338 Or 583)

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTHONY EARL YOUNG,
*Appellant.*

0203-43264; A119790

103 P3d 1180

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Stacey RJ Guise, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

In this criminal case, defendant seeks reversal of his conviction for misdemeanor driving while under the influence of intoxicants (DUII). ORS 813.010. He argues that the trial court erred in concluding that he is not eligible for DUII diversion. We affirm.

The relevant facts are not in dispute. In 1998, defendant was charged with the possession of a controlled substance. He participated in a county "Stop" program; by successfully completing drug treatment, he obtained the dismissal of the charge.

Four years later, defendant was charged with DUII. He sought enrollment in DUII diversion, but the state objected, citing ORS 813.215. That statute provides that an individual is eligible for DUII diversion if, among other things, he or she had not already participated in a DUII diversion program "or in any similar alcohol or drug rehabilitation program." ORS 813.215(3). The state argued that, because defendant already had participated in Stop—a drug rehabilitation program—he is no longer eligible for DUII diversion. The trial court agreed and found defendant guilty after a trial on stipulated facts.

On appeal, defendant argues that the trial court erred in concluding that he is not eligible for DUII diversion because the Stop program is not sufficiently "similar" to DUII diversion to trigger the statute. According to defendant, only driving-related alcohol and drug rehabilitation programs qualify. The state contends that nothing in the statute says that. In support of its argument, the state cites *State v. Dunbrasky*, 122 Or App 90, 856 P2d 1054 (1993). Defendant acknowledges *Dunbrasky* but insists that it should not be regarded as controlling "because it predates" the Supreme Court's decision in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), which describes the proper method of determining the meaning of statutes.

The challenged ruling turns on the court's construction of the statute, which we review as a matter of law, in accordance with the interpretive method described in *PGE*.

*Id.* at 610.; *Ellis v. Dept. of Education*, 157 Or App 92, 102, 967 P2d 912 (1998). We begin with an examination of the text of the statute in context and, if necessary, resort to legislative history and other aids to construction. *PGE*, 317 Or at 610-12. Relevant to our examination of the text of the statute is any prior judicial construction of it. *State v. Mayorga*, 186 Or App 175, 180, 62 P3d 818 (2003). Decisions of the Supreme Court concerning the construction of statutes in fact become "part of that statute." *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 622, 872 P2d 1 (1994). Although our decisions are not regarded as having the same effect, *Younger v. City of Portland*, 305 Or 346, 350 n 5, 752 P2d 262 (1988), they are subject to the general rule of *stare decisis* and will not lightly be overturned. *Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). In particular, the mere fact that a prior decision of this court predates the publication of the Supreme Court's decision in *PGE* does not mean that the decision lacks precedential effect. We will adhere to such decisions unless they are "plainly wrong." *Bergerson v. Salem-Keizer School District*, 194 Or App 301, 320, 95 P3d 215, *rev allowed*, 337 Or 616 (2004).

The text of ORS 813.215, in relevant part, is as follows:

"A defendant is eligible for diversion if:

"* * * * *

"(3) The defendant was not participating in a driving while under the influence of intoxicants diversion program or any similar alcohol or drug rehabilitation program * * *; [or]

"(4) The defendant did not participate in a diversion or rehabilitation program described in subsection (3) of this section, other than a program entered into as a result of the charge for the present offense, within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement[.]"

There appears to be no debate that the Stop program in which defendant participated is a "drug rehabilitation

program" within the meaning of the statute. The issue in contention is whether it is a drug rehabilitation program that is sufficiently "similar" to a DUII diversion program that defendant's prior participation in it now precludes his eligibility for a DUII diversion program.

In *Dunbrasky*, the defendant was convicted of possession of a controlled substance. Imposition of her sentence was suspended, and she was placed on probation. A condition of probation was that she undergo alcohol and drug abuse treatment. Three years later, she was arrested for DUII. She requested diversion, but the trial court denied the request on the ground that her prior participation in the alcohol and drug abuse treatment program as a condition of probation disqualified her. On appeal, she argued that the treatment program that was a condition of her probation was not sufficiently "similar" within the meaning of the statute to disqualify her. We rejected the argument, explaining that "[b]ecause the first program addressed a substance abuse problem and was accepted by defendant in exchange for a milder sanction, it was sufficiently similar to the [DUII] diversion to disqualify her[.]" *Dunbrasky*, 122 Or App at 92-93.

*Dunbrasky* is directly on point. Defendant concedes that much. The question is whether the decision is plainly wrong. We conclude that it is not.

The ordinary meaning of the term "similar" is "having characteristics in common : very much alike : comparable." *Webster's Third New Int'l Dictionary* 2120 (unabridged ed 2002). Certainly, a DUII diversion program and the county Stop program that defendant completed are "similar" in the sense that both are drug or alcohol rehabilitation programs the completion of which results in the dismissal of charges.

Defendant argues that, to bar eligibility in a DUII diversion program, the prior drug or alcohol rehabilitation program must be more similar than that. It must, he argues, be related to motor vehicle driving. Nothing in the wording of the statute, however, compels that construction. *See* ORS 174.010 (court is not to insert wording into a statute). Had the legislature wished to introduce that qualification to the

statute, it would have been a simple enough matter. Plenty of examples may be found illustrating the fact that the legislature knows well enough how to state as much when it wishes a statute to be limited to conduct related to driving a motor vehicle. *See, e.g.,* ORS 813.200(4)(d) (requiring petition for diversion to include defendant's agreement "to not use intoxicants in conjunction with the * * * operation of a motor vehicle"); ORS 813.215(5) (requiring that a defendant not have certain charges "that resulted from the operation of a motor vehicle" to be eligible for diversion).

■　Moreover, defendant's construction would introduce a redundancy: If only driving-related drug or alcohol rehabilitation programs are sufficiently "similar," then such programs already would qualify as DUII diversion programs. Well-worn principles of statutory construction counsel us to avoid, if possible, interpretations that render portions of a statute redundant. *Phelps and Nelson,* 122 Or App 410, 415, 857 P2d 900 (1993), *rev den,* 318 Or 326 (1994).

■　Defendant insists that the legislative history demonstrates that the legislature intended that "similar" drug or alcohol rehabilitation programs be driving related. Notably, he relies on the fact that the House Committee on the Judiciary in which the statutory phrasing originated "did not mention participation in non-driving related substance abuse rehabilitation programs as a barrier to DUII diversion." As we have noted, however, reasoning from mere silence "is at best risky and, at worst, illogical." *Kerr v. Bradbury,* 193 Or App 304, 323, 89 P3d 1227, *rev allowed,* 337 Or 282 (2004). The committee's silence is notable only if what it *did* say purported to be a complete statement of its intentions. We find nothing to that effect in the legislative history.

Defendant also makes much of a statement of a representative of the Oregon District Attorneys' Association in support of the bill that resulted in the reference to any "similar drug or alcohol rehabilitation program." The statement is as follows:

"Right now there is what they call a DUI rehabilitation order where a judge, upon a defendant being found guilty by a plea or verdict, can opt to go through this DUI rehabilitation. It becomes a matter of record with [DMV], but that

person is never sentenced. If they successfully complete [the program] they come back and that's the end of it, they do not necessarily get a conviction on their record. What we are trying to do is specifically indicate that if the defendant has had a prior diversion, in this state or any other state, or has undergone this type of similar alcohol or drug rehabilitation program—right now the term used is similar rehabilitation program—we would like it to indicate that it is an alcohol or drug type of rehabilitation [program] and that it would bar them from diversion."

Tape Recording, Senate Committee on Justice, HB 2010, July 9, 1981, Tape 277, Side B (statement of Jerry Cooper). Unfortunately—as is often the case with legislative history— the quotation amounts to little more than a restatement of the terms of the statute itself. It says that the drug or alcohol rehabilitation program must be "similar." It sheds no light on what—other than the ordinary meaning of the term—the legislature intended it to mean. The quotation certainly does not demonstrate the soundness of defendant's proposed construction that only driving-related rehabilitation programs may be considered "similar" within the meaning of the statute.

We conclude that *Dunbrasky* is not plainly wrong and that the trial court therefore did not err in denying defendant's request for diversion.

Affirmed.