Submitted September 29, affirmed December 24, 2008, petition for review denied March 4, 2009 (346 Or 66)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHON JUSTIN ELLIS,
*Defendant-Appellant.*

Coos County Circuit Court
06CR1711; A135168

199 P3d 359

Peter Gartlan, Chief Defender, Legal Service Division, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII) following the entry of his conditional guilty plea, assigning error to the trial court's denial of his petition for diversion under ORS 813.215(4). Because defendant had participated in a diversion program with respect to a previous DUII charge within 10 years before the commission of the present offense, we conclude that he was ineligible for diversion in this case. Accordingly, we affirm.

Defendant was charged with DUII on November 22, 1995. He entered into a diversion agreement on that charge on January 26, 1996. The agreement required defendant to participate in an alcohol treatment program, attend a victim impact panel, perform community service, and pay certain fees. Defendant fulfilled each of those specially imposed obligations on or before September 23, 1996. On December 5, the trial court issued a notice that, in the absence of "an appropriate order or judgment" or "good cause," the DUII charge would be dismissed on January 26, 1997, which was the ending date of the diversion period under the agreement. The court issued a judgment of dismissal on January 26, 1997.

On November 17, 2006, defendant was arrested for DUII in this case. Defendant filed a petition for diversion on February 1, 2007. The trial court denied the petition on the ground that defendant was ineligible for diversion. Defendant then entered a conditional guilty plea to the present charge, and he appeals from his ensuing conviction.

At issue is the meaning of ORS 813.215, which, as amplified below, we ascertain from the text of the statute in the context of the statutory scheme for DUII diversion. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993) (stating that the goal of statutory construction is to ascertain, if possible, the meaning of the statute most likely intended by the legislature that enacted it by examining its text in context). ORS 813.215 (2005)[1] provided, in part:

---

[1] The legislature amended ORS 813.215 in 2007, but it did not change the pertinent language in any material respect. *See* ORS 813.215(1)(d), (e) (2007). For the

"(1)   A defendant is eligible for diversion if:

"\* \* \* \* \*

"(3)   The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program, other than a program entered into as a result of the charge for the present offense, in this state or in any other jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement;

"(4)   The defendant did not participate in a diversion or rehabilitation program described in subsection (3) of this section, other than a program entered into as a result of the charge for the present offense, within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

Defendant asserts that the statutory framework that governs diversion distinguishes between a "diversion agreement" and a "diversion program." Defendant argues that a diversion agreement is the "agreement between the state and the defendant wherein the defendant agrees to complete specific programs within the one-year time period"; whereas, "the group of programs" that a defendant is required to complete under a diversion agreement constitutes the diversion program. It follows, defendant reasons, that, although he was subject to a diversion agreement until January 26, 1997, he had completed his diversion program in the earlier DUII case on or before September 23, 1996. As a consequence, defendant reasons, he was eligible for diversion in this case, because he had not "participate[d] in a diversion \* \* \* program described in [ORS 813.215(3)] \* \* \* within the period beginning 10 years before the date of the commission of the present offense," that is, November 17, 2006. *See* ORS 813.215(4). We disagree.

sake of clarity, we refer to the 2005 version of the statute, which was in effect when defendant filed his diversion petition in this case.

ORS 813.200 provides that the court shall inform a defendant charged with DUII of the availability of a diversion agreement and prescribes the contents of a petition to enter into such an agreement.[2] ORS 813.230(1)(b) provides that, when the court allows a petition for diversion, the court shall, among other things, "[s]ign the petition and indicate thereon the date of allowance of the diversion period, the length of the diversion period and the date upon which the driving while under the influence offense occurred." That statute also provides that, when the trial court signs and dates a petition, the petition "becomes the diversion agreement between the defendant and the court," and it requires the court to "make the agreement a part of the record of the case." ORS 813.230(2). ORS 813.230(3) provides that a DUII "diversion agreement shall be for a period of one year after the date the court allows the petition" and that the court shall stay the DUII proceeding "[d]uring the diversion period." ORS 813.225(1) allows a defendant to apply "by motion to the court in which the diversion agreement was entered for an order extending the diversion period."

---

[2] ORS 813.200 provides, in part:

"(1) The court shall inform at arraignment a defendant charged with the offense of driving while under the influence of intoxicants as defined in ORS 813.010 * * * that a diversion agreement may be available if the defendant meets the criteria set out in ORS 813.215 and files with the court a petition for a driving while under the influence of intoxicants diversion agreement.

"* * * * *

"(4) In addition to any other information required by the Supreme Court to be contained in a petition for a driving while under the influence of intoxicants diversion agreement, the petition shall include:

"(a) A plea of guilty or no contest to the charge of driving while under the influence of intoxicants signed by the defendant;

"(b) An agreement by the defendant to complete * * * a diagnostic assessment to determine the possible existence and degree of an alcohol or drug abuse problem;

"(c) An agreement by the defendant to complete * * * the program of treatment indicated as necessary by the diagnostic assessment;

"(d) An agreement by the defendant to not use intoxicants in conjunction with the defendant's operation of a motor vehicle * * *;

"(e) A notice to the defendant that the diversion agreement will be considered to be violated if the court receives notice that the defendant at any time during the diversion period committed the offense of driving while under the influence of intoxicants * * *[.]"

In sum, the foregoing provisions demonstrate that the diversion agreement is the written agreement that a defendant enters into with the court. The diversion agreement specifies the conditions that the defendant must perform during the diversion period. The diversion period, which is one year in duration, is the amount of time that a defendant must be subject to the terms of the diversion agreement. On those points the parties do not seem to disagree.

On the other hand, the term "diversion program" is not statutorily defined; rather, its meaning must be deduced from the text and context of ORS 813.215(4). A careful examination of those sources undercuts defendant's proposed construction. Contrary to defendant's view, the legislature has not referred to the group of specially prescribed conditions that a defendant must fulfill in order to perform his or her obligations under a diversion agreement as the diversion program. Rather, the legislature typically has referred to such conditions as "the conditions of the diversion agreement." *See, e.g.*, ORS 813.225(4); ORS 813.250(1); ORS 813.250(3). Likewise, when referring to particular programs that a defendant must complete while participating in a diversion agreement, the legislature typically has not used the term "diversion program," but, rather, has referred, for example, to "the program of treatment," ORS 813.200(4)(c); the "rehabilitation program," ORS 813.250(4); or the "treatment program," ORS 813.260(2). *See e.g.*, *Dept. of Transportation v. Stallcup*, 341 Or 93, 101, 138 P3d 9 (2006) (use of different terms in statute suggests that each was intended to have a different meaning).

Instead, the term "diversion program," as used in ORS 813.215(3), logically refers to the entire constellation of special and general conditions the satisfaction of which permits a defendant to avoid a judgment of conviction for DUII. *Cf. State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006) (describing a "DUII diversion program" as an "opportunity to avoid a substantial, judicially imposed adverse consequence"). Regardless whether a defendant has successfully completed all specially prescribed conditions of diversion in the meantime, that avoidance cannot occur until one year after the court allows the diversion petition. *See* ORS 813.230(3); ORS 813.250(1). That is so, among other reasons,

because an overarching general condition of diversion is the requirement that a defendant not commit another DUII offense during the one-year diversion period. ORS 813.200(4)(e). Thus, a defendant continues to participate in a diversion program until that general condition is satisfied and the case is dismissed.

Accordingly, we conclude that defendant participated in a diversion program in connection with his first DUII case until the diversion period ended and that case was dismissed on January 26, 1997. It follows that defendant was ineligible for diversion in this case because he had participated in a diversion program described in ORS 813.215(3) within the period beginning 10 years before November 17, 2006, the date of the commission of the present offense.[3]

Affirmed.

---

[3] Although the state has referred us to various portions of the legislative history of ORS 813.215 in support of its proffered interpretation of the statute, we have not found those references to be necessary to our construction of the statute, which is based on its text and context.