Submitted September 29, 2009, affirmed April 28, petition for review denied September 17, 2010 (349 Or 57)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ERIC WAYNE LAGRASSA,**
*Defendant-Appellant.*

Lane County Circuit Court
210726449; A138223

230 P3d 96

Peter Gartlan, Chief Defender, Appellate Division, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.*

* Brewer, C. J., *vice* Edmonds, P. J.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Defendant appeals a judgment of conviction for one count of driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the trial court's denial of his petition to enter into a DUII diversion agreement. We review for legal error, ORS 138.220, and affirm.

The parties stipulated to the following facts. On November 24, 2007, in Lane County, Oregon, defendant unlawfully drove a motor vehicle on a public highway or premises open to the public while under the influence of alcohol. A chemical breath test revealed that defendant's blood alcohol level was 0.23, which is above the legal limit under ORS 813.010(1)(a). Before that incident, as a condition of post-prison supervision (PPS) for a previous conviction, defendant participated in residential and out-patient alcohol and drug treatment at the direction of his parole officer.

A brief description of the statutory framework governing DUII diversion agreements provides the necessary context. A defendant who is charged with DUII may petition the trial court for a DUII diversion agreement. ORS 813.210(1). A diversion petition includes, among other things, a plea of guilty or no contest to the DUII charge and an agreement by the defendant to complete a diagnostic and treatment program for drug or alcohol abuse. ORS 813.200(4). If the petition is allowed, the plea is accepted by the court but entry of a judgment of conviction is withheld pending completion of the agreement to comply with the terms of the diversion petition. ORS 813.230. If the defendant fails to fulfill the conditions of a diversion agreement, including completion of a drug or alcohol rehabilitation program, the court terminates the diversion, enters the DUII guilty or no contest plea, and sentences the defendant. ORS 813.255.

Under ORS 813.215(3) and (4) (2005),[1] a defendant was eligible for diversion if

---

[1] All references in this opinion are to the 2005 version of ORS 813.215(3) and (4), which have since been amended. *See* Or Laws 2007, ch 879, § 10; Or Laws 2009, ch 515, § 1. The 2007 amendment was organizational and not substantive in nature, and the 2009 amendment increased the timing element from 10 to 15 years. The 2007 amendment is not relevant to our analysis, and the 2009 amendment applies only to diversion agreements entered into on or after January 1, 2010, Or Laws 2009, ch 515, § 3(1).

"(3)   The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program, other than a program entered into as a result of the charge for the present offense, in this state or in any other jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement; [and]

"(4)   The defendant did not participate in a diversion or rehabilitation program described in subsection (3) of this section, other than a program entered into as a result of the charge for the present offense, within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement[.]"

Thus, if a defendant had participated in a "driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program" within the previous 10 years, he or she was ineligible for diversion. ORS 813.215(3), (4).

Before trial in this case, defendant petitioned the court to enter into a DUII diversion agreement. The state opposed defendant's petition, arguing that, under ORS 813.215(3) and (4), the treatment in which defendant participated while on PPS was a "similar alcohol or drug rehabilitation program" to a DUII diversion program so as to render defendant ineligible for DUII diversion. In support of his petition, defendant argued that, because the Board of Parole and Post-Prison Supervision (board)—not the court—had authority to set the conditions of his PPS and impose sanctions for the violation of those conditions, his treatment while on PPS was not "similar" to a DUII diversion program. Defendant's argument, in part, relied on *State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006), which held that a "similar" program is one that gives a defendant an "opportunity to avoid a substantial, *judicially* imposed adverse consequence[.]" (Emphasis added.)

The trial court agreed with the state and held that defendant was ineligible for diversion. In particular, the trial court determined that *Wright*'s discussion pertaining to the

avoidance of a *judicial* sanction was not restrictive and that the court in *Wright* was speaking broadly. The trial court reasoned that the issue was "the similarity of the program, rather than who imposed it[.]" Based on that conclusion, the trial court ruled that, because defendant had faced potential sanctions through the parole system if he did not participate in treatment while on PPS, defendant had participated in a program "similar" to a DUII diversion and was, therefore, ineligible for diversion.

The parties advance the same arguments on appeal as they did below. Defendant argues that his participation in alcohol and drug treatment while on PPS does not qualify as participation in a "similar alcohol or drug rehabilitation program" so as to render him ineligible for DUII diversion, because "he did not participate in the program in exchange for a milder sanction or to avoid a judicially imposed consequence."[2] The state responds, citing OAR 255-075-0067,[3] that the trial court correctly determined that defendant was ineligible for diversion because "defendant was able to avoid a significant adverse consequence—a sanction of up to 90 days of jail time—by successfully participating in the drug and alcohol treatment program ordered as a condition of his PPS." In addition, the state argues that "similarity" is not dependent on whether it is the board or the court that imposes a sanction for a PPS violation.

To determine whether an "alcohol or drug rehabilitation program" is "similar" to a "driving while under the influence of intoxicants diversion program," we look first to how the diversion statutes characterized a DUII diversion program. As noted earlier, ORS 813.200(4) described such a program as including a "diagnostic assessment to determine

---

[2] Defendant conceded at trial, and does not dispute on appeal, that his participation in treatment while on PPS occurred within the applicable 10-year time frame. Thus, for purposes of our analysis, the timing element of ORS 813.215 has been met.

[3] OAR 255-075-0067(3) provides:

"After a hearing, or waiver, the Board may order administrative sanctions for offenders originally sentenced to more than 12 months, and a Local Supervisory Authority designee may order administrative sanctions for offenders originally sentenced to 12 months or less. The Board or a Local Supervisory Authority designee ordered local administrative confinement sanction may not exceed ninety (90) days."

the possible existence and degree of an alcohol or drug abuse problem," and a "program of treatment indicated as necessary by the diagnostic assessment." Thus, an "alcohol or drug rehabilitation program" under ORS 813.215(3) and (4) was one aimed at diagnosing and treating an alcohol or drug abuse problem.

Our precedents define a "similar" rehabilitation program to a DUII diversion program, however, not just in terms of an analogous function of a rehabilitation program to diagnose and treat substance or alcohol abuse. In addition, a "similar" rehabilitation program must be compelled in the same way as a DUII diversion program—by order of a governmental decision-maker with a potential sanction if the rehabilitation program is not completed. We have had four prior opportunities to construe the meaning of the phrase "any similar alcohol or drug rehabilitation program" in ORS 813.215. First, in *State v. Dunbrasky*, 122 Or App 90, 92-93, 856 P2d 1054 (1993), the court held that, because the defendant's participation in treatment for drug and alcohol abuse while on probation "addressed a substance abuse problem and was accepted by [the] defendant in exchange for a milder sanction, it was sufficiently similar to the diversion to disqualify her from diversion" in that case. Then, in *State v. Young*, 196 Or App 708, 712, 103 P3d 1180 (2004), *rev den*, 338 Or 583 (2005) (quoting *Webster's Third New Int'l Dictionary* 2120 (unabridged ed 2002)), the court concluded that under the ordinary meaning of the term "similar," which included " 'having characteristics in common : very much alike : comparable,' " a DUII diversion program and a county drug court program were " 'similar' in the sense that both are drug or alcohol rehabilitation programs the completion of which results in the dismissal of charges." Moreover, in *Young*, we rejected the defendant's argument that, to be sufficiently similar, the prior alcohol or drug program must be related to driving a vehicle; we determined that nothing in the wording of the statute compelled such a limited construction. *Id.* at 712-13.

In *Wright*, the defendant was found to be ineligible for DUII diversion by the trial court because she had previously participated in an alcohol or drug treatment program

by order of a juvenile court in the course of a juvenile dependency proceeding. 204 Or App at 727-29. On appeal, the defendant relied on *Dunbrasky* and argued that the prior treatment program was not preclusively "similar" to DUII diversion because she had not received a reduced criminal sentence in exchange for her participation in that program. *Id.* at 729-30. We held:

"Defendant reads *Dunbrasky* too narrowly. To be sure, *Dunbrasky* arose in a context in which the defendant, through her participation in the prior treatment program, had avoided the imposition of a greater criminal sanction. But not all 'sanctions' are criminal—and *Dunbrasky* did not purport to impose such a limitation. Rather, a 'sanction' is commonly understood to be a substantial adverse consequence imposed as a result of a person's conduct, often when that conduct violates a law or legal obligation. Properly so understood, the judicially compelled loss of custody of one's child because of one's conduct is a 'sanction.'

"With that understanding, the 'similarity' of defendant's participation in the [prior] treatment program to a DUII diversion program is apparent. In the [prior] treatment program, defendant, like a participant in a DUII diversion program, was given the opportunity to avoid a substantial, judicially imposed adverse consequence related to her substance abuse by successfully completing a substance abuse program. * * * The trial court did not err in denying defendant's petition for diversion."

*Id.* at 730-31 (footnotes omitted).

Most recently, in *State v. Warrington*, 219 Or App 566, 568, 184 P3d 1160 (2008), we reviewed the trial court's denial of the defendant's request for diversion, which was based on the trial court's determination that her prior voluntary participation in alcohol rehabilitation, which she had sought on her own initiative, rendered her ineligible.[4] On appeal, the parties agreed that the trial court erred in that

---

[4] The trial court in *Warrington* denied the defendant diversion under ORS 813.220(8), which provides, similarly to ORS 813.215, that a court is required to deny a defendant's petition to enter a diversion agreement if the defendant previously had "participated in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program[.]" 219 Or App at 568.

regard because, they acknowledged, "our case law establishes that a 'similar alcohol or drug rehabilitation program' is one in which a defendant participates 'to avoid a substantial, judicially imposed adverse consequence[.]' " *Id.* (quoting *Wright*, 204 Or App at 731). We agreed with the parties that "[the] defendant's previous unilateral participation in an alcohol rehabilitation program does not satisfy that standard of disqualifying 'similarity.' " *Id.*[5]

Our prior case law, therefore, has eschewed a narrow construction of the statutory phrase "any similar alcohol or drug rehabilitation program," but has not gone so far as to subsume within the statute's scope a defendant's unilateral participation in a rehabilitation program. The scope of the statutory phrase being so framed, we conclude that an essential characteristic of DUII diversion is that a defendant is required by a governmental actor to participate in a rehabilitation program in order to avoid a substantial adverse consequence. Although our prior case law referred to that adverse consequence as being judicially imposed, that reference did not describe the necessary meaning of a "similar" rehabilitation program under ORS 813.215.

We discern no meaningful difference, or dissimilarity, between participation in an alcohol or drug rehabilitation program while on probation, which has been determined to be a "similar" program to DUII diversion, *see Dunbrasky*, 122 Or App at 92-93, and participation in an alcohol or drug rehabilitation program while on PPS. In both cases, participation in the treatment program is mandated by a governmental actor, addresses a defendant's alcohol or substance abuse, and avoids the imposition of a substantial adverse consequence that could include incarceration. The core attribute of a DUII diversion program, for purposes of the similarity of a rehabilitation program, is not which governmental actor requires the treatment or imposes the sanction, but rather the requirement of participation in the diagnosis and treatment program in order to avoid a governmentally imposed sanction or penalty.

---

[5] *Cf. State v. Parker*, 235 Or App 40, 230 P3d 55 (2010) (no disqualifying rehabilitation program where the defendant was "referred" to, but did not participate in, a treatment program).

For those reasons, we conclude that defendant did participate in a "similar alcohol or drug treatment program" while on PPS so as to render him ineligible for DUII diversion. The trial court did not err.

Affirmed.