Submitted July 29, affirmed November 24, 2010, petition for review denied February 17, 2011 (349 Or 654)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL DALE BENTLEY,
*Defendant-Appellant.*

Klamath County Circuit Court
0801338CR; A140594

243 P3d 859

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment of conviction for one count of driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his petition to enter into a DUII diversion agreement. We review for legal error, ORS 138.220, and affirm.

Defendant was charged with DUII for an incident that occurred on July 10, 2008. Before that incident, defendant had been convicted of DUII in 1995 and, again, in 1998. With respect to the 1998 conviction, defendant participated in a substance abuse treatment program that was ordered as a condition of his probation. Before trial in this case, defendant filed a diversion petition, and the state objected on the ground that defendant had participated in a treatment program in connection with the 1998 conviction and, therefore, was ineligible for diversion in this case under ORS 813.215(1). Defendant argued that the earlier program was not a similar alcohol or drug rehabilitation program to the diversion program for which he applied in this case and, for that reason, he was eligible for diversion. The trial court denied defendant's petition, and he now appeals.

As pertinent here, ORS 813.215(1) (2007) provides:

"A defendant is eligible for diversion if the defendant meets all of the following conditions:

"* * * * *

"(d) The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program, other than a program entered into as a result of the charge for the present offense, in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(e) The defendant did not participate in a diversion or rehabilitation program described in paragraph (d) of this subsection, other than a program entered into as a result of the charge for the present offense, within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the

petition for a driving while under the influence of intoxicants diversion agreement."[1]

On appeal, as he did before the trial court, defendant argues that his participation in alcohol and drug treatment while on probation does not qualify as participation in a "similar alcohol or drug rehabilitation program" so as to render him ineligible for DUII diversion, because "he did not participate in the program in exchange for a milder sanction or to avoid a judicially imposed consequence."

We have had several previous opportunities to construe the phrase "any similar alcohol or drug rehabilitation program" in ORS 813.215. First, in *State v. Dunbrasky*, 122 Or App 90, 92-93, 856 P2d 1054 (1993), we held that, because the defendant's participation in treatment for drug and alcohol abuse while on probation "addressed a substance abuse problem and was accepted by [the] defendant in exchange for a milder sanction, it was sufficiently similar to the diversion to disqualify her from diversion" in that case. Then, in a subsequent case, we concluded that, under the ordinary meaning of the term "similar," which included " 'having characteristics in common : very much alike : COMPARABLE,' " a DUII diversion program and a county drug court program were " 'similar' in the sense that both are drug or alcohol rehabilitation programs the completion of which results in the dismissal of charges." *State v. Young*, 196 Or App 708, 712, 103 P3d 1180 (2004), *rev den*, 338 Or 583 (2005) (quoting *Webster's Third New Int'l Dictionary* 2120 (unabridged ed 2002)). Moreover, in *Young*, we rejected the defendant's argument that, to be sufficiently similar, the prior alcohol or drug program must be related to driving a vehicle; we determined that nothing in the wording of the statute compelled such a limited construction. *Id.* at 712-13.

In *State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006), the defendant was determined to be ineligible for DUII diversion by the trial court because she had previously

---

[1] All references in this opinion are to the 2007 version of ORS 813.215(1), which has since been amended. *See* Or Laws 2009, ch 515, § 1. The 2009 amendment increased the time described in paragraph (e) from 10 to 15 years. The 2009 amendment applies only to diversion agreements entered into on or after January 1, 2010. Or Laws 2009, ch 515, § 3(1).

participated in an alcohol or drug treatment program by order of a juvenile court in the course of a juvenile dependency proceeding. On appeal, the defendant relied on *Dunbrasky* and argued that the prior treatment program was not preclusively "similar" to DUII diversion because she had not received a reduced criminal sentence in exchange for her participation in that program. *Id.* at 729-30. We held:

> "Defendant reads *Dunbrasky* too narrowly. To be sure, *Dunbrasky* arose in a context in which the defendant, through her participation in the prior treatment program, had avoided the imposition of a greater criminal sanction. But not all 'sanctions' are criminal—and *Dunbrasky* did not purport to impose such a limitation. Rather, a 'sanction' is commonly understood to be a substantial adverse consequence imposed as a result of a person's conduct, often when that conduct violates a law or legal obligation. Properly so understood, the judicially compelled loss of custody of one's child because of one's conduct is a 'sanction.'

> "With that understanding, the 'similarity' of defendant's participation in the [prior] treatment program to a DUII diversion program is apparent. In the [prior] treatment program, defendant, like a participant in a DUII diversion program, was given the opportunity to avoid a substantial, judicially imposed adverse consequence related to her substance abuse by successfully completing a substance abuse program. * * * The trial court did not err in denying defendant's petition for diversion."

*Id.* at 730-31 (footnotes omitted).

Defendant acknowledges that, at least on the surface, this case would appear to be controlled by *Dunbrasky*, because, like the defendant's situation there, defendant's prior participation in a rehabilitation program occurred while he was on probation. However, defendant notes that, after the defendant in *Dunbrasky* participated in a probationary rehabilitation program in 1988, the sentencing guidelines were adopted in 1989. Under the guidelines regime, probation is no longer an alternative to a sentence; it is now, itself, a sentence. *See State v. Hamlin*, 151 Or App 481, 487, 950 P2d 336 (1997), *rev den*, 327 Or 173 (1998) ("With the passage of the sentencing guidelines [in 1989], the nature of 'probation' has changed. Probation is no longer the

suspension of a sentence; probation *is* the sentence." (Emphasis in original.)). It follows, defendant reasons, that a rehabilitation program imposed as part of a probationary sentence constitutes the initial imposition of a criminal penalty, not a "milder sanction" accepted to avoid a more onerous consequence, as *Dunbrasky* used the term and, therefore, such a program is not similar to a diversionary rehabilitation program. But, as our decisions in the wake of *Dunbrasky* show, defendant reads that case too narrowly.

Most recently, in *State v. LaGrassa*, 235 Or App 150, 230 P3d 96, *rev den*, 349 Or 57 (2010), we held that an alcohol or drug rehabilitation program imposed as a condition of post-prison supervision was "similar" to a DUII diversion program, despite the defendant's argument that a sanction imposed by the Department of Corrections, rather than a court, did not qualify as a similar program.

"Our prior case law * * * has eschewed a narrow construction of the statutory phrase 'any similar alcohol or drug rehabilitation program,' but has not gone so far as to subsume within the statute's scope a defendant's unilateral participation in a rehabilitation program. The scope of the statutory phrase being so framed, we conclude that an essential characteristic of DUII diversion is that a defendant is required by a governmental actor to participate in a rehabilitation program in order to avoid a substantial adverse consequence. Although our prior case law referred to that adverse consequence as being judicially imposed, that reference did not describe the necessary meaning of a 'similar' rehabilitation program under ORS 813.215.

"We discern no meaningful difference, or dissimilarity, between participation in an alcohol or drug rehabilitation program while on probation, which has been determined to be a 'similar' program to DUII diversion, *see Dunbrasky*, 122 Or App at 92-93, and participation in an alcohol or drug rehabilitation program while on [post-prison supervision]. In both cases, participation in the treatment program is mandated by a governmental actor, addresses a defendant's alcohol or substance abuse, and avoids the imposition of a substantial adverse consequence that could include incarceration. The core attribute of a DUII diversion program, for purposes of the similarity of a rehabilitation program, is not which governmental actor requires the treatment or

imposes the sanction, but rather the requirement of participation in the diagnosis and treatment program in order to avoid a governmentally imposed sanction or penalty."

*Id.* at 157-58.

Although, unlike *LaGrassa*, this case does not involve the imposition of a treatment requirement by a non-judicial governmental actor, the reasoning of that case is instructive here. An alcohol or drug rehabilitation program imposed as a condition of probation is analogous to a program imposed as a condition of post-prison supervision; it is required by a governmental actor to avoid a substantial adverse consequence. In the case of post-prison supervison, that consequence is a sanction for noncompliance. In the case of probation, if defendant had failed to participate in the mandated program, he would have violated probation and faced substantial adverse consequences as a result of that violation. Thus, for purposes of defendant's eligibility for diversion, changes in the nature of probation since the adoption of the sentencing guidelines do not require a different result from our conclusion in *Dunbrasky*. Because defendant participated in a "similar alcohol or drug treatment program" while on probation so as to render him ineligible for DUII diversion, the trial court did not err.

Affirmed.