Submitted December 28, 2012, affirmed November 14, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW WAYNE TUTER,
*Defendant-Appellant.*

Crook County Circuit Court
MI100343; A147218

314 P3d 285

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010. The trial court determined that defendant was ineligible for a DUII diversion program because he had previously participated in a drug treatment program as a result of a juvenile court disposition. Following the denial of his petition for diversion, defendant entered a conditional guilty plea for DUII. On appeal, defendant contends that the trial court erred in determining that defendant was ineligible for a DUII diversion program. Defendant argues that the trial court erred because the juvenile court treatment program did not meet the statutory requirement establishing ineligibly under ORS 813.215 and as described in *State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006). We review a trial court's determination of a defendant's eligibility for diversion for errors of law, *State v. Lagrassa*, 235 Or App 150, 152, 230 P3d 96, *rev den*, 349 Or 57 (2010), and affirm.

In April 2008, when he was 16 years old, defendant was found within the juvenile court's jurisdiction because he had committed an act that—if committed by an adult—would constitute a violation of state law. ORS 419C.005(1). The juvenile court determined that defendant possessed marijuana within 1,000 feet of a school. ORS 475.864(4). The disposition included a year of probation. The juvenile court ordered defendant to complete a drug and alcohol assessment at Rimrock Trails and to comply with all recommended treatment.[1] Defendant enrolled in a Rimrock Trails outpatient drug and alcohol treatment program. However, he was terminated from the program for his failure to comply with the program's rules. As a consequence, the juvenile court ordered defendant to serve five days of detention at a youth correctional facility, and, upon his release from detention, defendant was ordered to attend and complete a 30-day inpatient cognitive restructuring program. His probation was extended, and defendant re-enrolled in the Rimrock Trails treatment program. In July 2009, defendant tested positive for marijuana and was discharged, again, from the

---

[1] In the juvenile proceeding, defendant was referred to as "youth." For ease of reading we refer to him as defendant in both proceedings.

treatment program. The juvenile court held defendant in contempt for his failure to complete the terms of his probation, *i.e.*, complete the treatment program, and placed defendant in a youth correctional facility for 30 days. In August 2009, defendant was ordered, again, to complete his drug treatment program.

On July 5, 2010, when he was 19 years old, an officer stopped defendant for a traffic violation. Defendant appeared intoxicated, smelled of alcohol, and did not have his driver's license with him. Defendant admitted to the officer that he had "had a few to drink." Defendant took and failed field sobriety tests and admitted that he should not have been driving; he was transported to the Crook County Jail. Defendant agreed to take a breath test, which measured a 0.12 blood alcohol content. Defendant was charged with DUII.

Defendant petitioned the trial court to enter a DUII diversion program, which the trial court denied.[2] The court determined that defendant was ineligible for a diversion program because he had previously participated in a similar program. ORS 813.215(1)(e).[3] In *Wright*, we concluded that, for the purposes of ORS 813.215, participation in a DUII diversion program requires that the defendant have been given "the opportunity to avoid a substantial, judicially imposed adverse consequence related to her substance abuse by successfully completing a substance abuse program." 204 Or App at 731. The trial court explained that,

"five days in detention at [a youth correctional facility] is a substantial penalty for a youth. I think that 30 days [in the cognitive restructuring program] * * * constitutes a

_____

[2] As we concluded in *State v. Ellis*, 224 Or App 478, 483, 199 P3d 359 (2008) *rev den*, 346 Or 66 (2009), the term "diversion program," as used in ORS 813.215, is not statutorily defined; however, the term "logically refers to the entire constellation of special and general conditions the satisfaction of which permits a defendant to avoid a judgment of conviction for DUII."

[3] ORS 813.215(1)(e) provides that a defendant is ineligible for a DUII diversion program if the defendant participated in

"a diversion or rehabilitation program * * * other than a program entered into as a result of the charge for the present offense, within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

substantial penalty. *** [H]aving a contempt action filed against a person, with a maximum penalty of six months in custody, in detention, is certainly a substantial penalty."

Following the denial of his petition for diversion, defendant entered a conditional guilty plea, reserving the right to challenge the court's decision; the court imposed 18 months of bench probation and a fine.

On appeal, defendant argues that the trial court erred in determining that defendant was ineligible for a diversion program. He argues that he was eligible for a diversion program because the Rimrock Trails treatment program is not sufficiently similar to a DUII diversion program under ORS 813.200 to 813.270.[4] Defendant takes the view that the Rimrock Trails treatment program, ordered by the juvenile court, did not pose an adequate detriment, because it did not motivate juveniles "to avoid a substantial, judicially imposed adverse consequence." *Wright*, 204 Or App at 731. The state responds that defendant's participation in the Rimrock Trails treatment program was motivated by a sufficiently adverse and substantial judicially imposed consequence and was, thus, similar to a DUII diversion program and disqualified defendant from a DUII diversion program. For the reasons that follow, we agree with the state.

Pursuant to ORS 813.215(1)(e), a defendant is ineligible for a drug or alcohol diversion program if, within the 15 years preceding an arrest, the defendant participated in "any *similar* alcohol or drug rehabilitation program." ORS 813.215(1)(d) (emphasis added). In *Lagrassa,* we affirmed the trial court's denial of the defendant's diversion petition. 235 Or App at 158. We concluded that "an essential characteristic of DUII diversion is that a defendant is required by a governmental actor to participate in a rehabilitation program in order to avoid a substantial adverse consequence."

---

[4] Defendant does not argue that the substance of a DUII diversion program is different from the substance of the Rimrock Trails treatment program that defendant was ordered to complete. Rather, he argues that the two programs are not legally *similar*, because now defendant is an adult, and before defendant was a juvenile. Specifically, defendant proposes that there is an inherent substantive difference in the purpose of a DUII diversion program following an adult proceeding and the purpose of a juvenile treatment program following a juvenile delinquency adjudication. *See* 259 Or App at 342-43.

*Id.* at 157; *see also State v. Bentley*, 239 Or App 18, 24, 243 P3d 859 (2010), *rev den*, 349 Or 654 (2011) (holding that a defendant is ineligible for a DUII diversion program if the defendant had previously participated in a drug and alcohol treatment program as a condition of probation and would have faced substantial adverse consequences as a result of noncompliance with that program).

In light of *Bentley* and *Lagrassa*, we disagree with defendant that the Rimrock Trails treatment program is not a program required by a governmental actor that motivates youth offenders "to avoid a substantial, judicially imposed adverse consequence related to *** substance abuse[.]" *Wright*, 204 Or App at 731; *Lagrassa*, 235 Or App at 157. Juvenile courts have broad authority to impose conditions on the term of a youth's probation. ORS 419C.446. Youths who violate conditions of probation may be placed in detention or held in contempt of court. ORS 419C.453(1)(b); ORS 419A.180 ("In case of failure to comply with any order of the juvenile court, the court may proceed for contempt of court against the person failing to comply."). In short, those available measures are properly understood as sanctions by which a youth offender's liberty may be taken.

Defendant also relies on *State ex rel Juv. Dept. v. Reynolds*, 317 Or 560, 574, 857 P2d 560 (1993), to argue that a juvenile court disposition is not comparable to a criminal court judgment. Defendant points out that a juvenile court disposition shows an inherent concern and focus on rehabilitation, while a criminal judgment, like a DUII judgment, is concerned with punishment. *Id.* at 574. However, *Reynolds* does not resolve the issue at hand, because *Reynolds* concerned a juvenile's right to a jury trial—not whether a juvenile court's imposition of a treatment program is similar to a DUII diversion program.

Here, defendant was placed on probation following his juvenile adjudication for a drug offense and was ordered, as a condition of probation, to complete a drug treatment program. When defendant failed to meet those conditions, he was held in contempt of court, detained for five days, and placed in a youth correctional facility for 30 days. Such sanctions are—without a doubt—judicially imposed adverse

consequences designed to encourage the offender to comply. Further, understood from the perspective of the person who would suffer those consequences—here, defendant—we conclude that there was a substantial adverse consequence comparable to other adult DUII diversion programs.[5] *See also Bentley*, 239 Or App at 24 (a substance abuse treatment program imposed as a condition of probation is similar to an alcohol or drug rehabilitation program under ORS 813.215; both are required by a government actor to avoid a substantial adverse consequence on the defendant).

The trial court did not err in determining defendant was ineligible to enter a DUII diversion program. We, therefore, affirm defendant's judgment of conviction.

Affirmed.

---

[5] To the extent that juvenile delinquency proceedings are designed to rehabilitate rather than punish youth offenders, such promotion of the youths' best interests does not mitigate the fact that the youths can be restrained—against their will—for violating probation, including failure to comply with a treatment program, and are thereby subject to a substantial and adverse consequence imposed by the court.